UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JAMES H. BESS, JR.,

Defendant.

16-CR-156V(R)
DECISION AND ORDER

Defendant James H. Bess, Jr., has been charged in a three-count indictment. Count 1 charges him with possession of methamphetamine with intent to distribute it, and the distribution of methamphetamine, on October 2, 2016; Count 2 charges him with possession of methamphetamine with intent to distribute it at Stow Ferry Landing, Harmony, New York, on October 2, 2016; and Count 3 charges him with possession of methamphetamine with intent to distribute it at the Red Roof Inn, Room 144, in the Town of Ellicott, New York, on October 2, 2016. Docket Item 6. On November 30, 2016, this Court referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 7.

On May 31, 2017, Bess filed omnibus motions, Docket Item 20, and the government responded on August 22, 2017, Docket Item 28. On October 19, 2017, the defendant sought permission to file a supplemental motion seeking suppression of evidence. Docket Item 32. On October 20, 2017, the date scheduled for oral argument, Judge Roemer granted the defendant's request to file a supplemental motion and, based on the representations made by the parties concerning the nature of the suppression motion to be filed, scheduled an evidentiary hearing for December 7, 2017.

Docket Item 34. On October 23, 2017, Bess filed his supplemental motion to suppress evidence. Docket Item 33.

The evidentiary hearing was held before Judge Roemer on December 7, 2017, Docket Item 41, and January 17, 2018, Docket Item 42. Bess filed his post-hearing brief on March 20, 2018; the government filed its post-hearing brief on April 20, 2018; and Bess replied on May 4, 2018, Docket Item 45, and on May 9, 2018, Docket Item 48. Judge Roemer heard oral argument on May 9, 2018, and issued a Report, Recommendation and Order ("RR&O") on May 15, 2018. Docket Item 49.

On June 1, 2018, Bess filed objections to Judge Roemer's RR&O. Docket Item 52. Specifically, Bess's objections center around the voluntariness of his consent to search the hotel room, the scope of the search, and the persons Bess purportedly authorized to conduct the search. In addition, Bess objects to Judge Roemer's recommendation to deny his motion to suppress the consent-to-search form. The government responded on June 22, 2018, Docket Item 55, and Bess replied on July 6, 2018, Docket Item 56. This Court heard oral argument on July 20, 2018.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough RR&O; the objection, response, and reply; and the pleadings and materials submitted by the parties. Based on that

2

review, the Court accepts and adopts Judge Roemer's recommendation to deny the defendant's motion.

**The Suppression Hearing**

At the hearing, Drug Enforcement Administration Task Force Officer Daniel Forsberg and Chautauqua County Jail Correction Officer Louis Habig testified for the government. Docket Items 41 and 42. In his RR&O, Judge Roemer specifically found Forsberg and Habig to be credible witnesses. Docket Item 49 at 6. Bess did not call any witnesses, but he did submit an affidavit describing his arrest and the circumstances surrounding his consent to search the hotel room. Docket Item 33-1. Judge Roemer noted that because Bess did not testify at the hearing and was not subject to cross-examination, he could not assess Bess's credibility. Docket Item 49 at 6.

**Facts Found by Judge Roemer**

Immediately after an undercover officer working with a confidential informant made a controlled buy from Bess on September 30, 2016, Bess was arrested in his car. Docket Item 49 at 3. The arresting officers had their firearms drawn, and one officer aimed his firearm at Bess and shouted orders at him. *Id.* Bess was handcuffed and placed in the back of the police car; he was asked by Forsberg whether he wanted to cooperate and disclose his source of drugs. *Id.* at 4. Bess declined to cooperate, and so he was not read his *Miranda* warnings. *Id.*

Bess remained in the back of the police car while officers searched his car. *Id.* Among the items found in Bess's car was a key card to a room at the Red Roof Inn. *Id.* Forsberg testified at the evidentiary hearing that although he could not recall Bess's

3

exact words, Bess gave them verbal consent to search the hotel room. *Id.* A printed consent-to-search form therefore was generated, and after Bess asked for his glasses and looked at the form, he signed the form without asking any questions. *Id.* at 5. Forsberg testified that he did not read the form to Bess, but Forsberg said that he generally explained the form to Bess and that he observed Bess appear to read the form and sign it. *Id.* Forsberg testified that he and Detective Scott Korzenski then drove to the Red Roof Inn and searched Room 144. *Id.* at 6. During the search, two bags of methamphetamine were found. *Id.*

## DISCUSSION

**Motion to Suppress Evidence Seized from the Hotel Room**

In his affidavit, Bess suggests that his age (he was sixty-one at the time of the search)—coupled with his medical issues, his prior drug use, and the arresting officers' conduct—influenced his decision to consent to the search and made that consent involuntary. Docket Item 33-1. The record developed before Judge Roemer, however, establishes that Bess was fully alert and oriented when he consented to the search. Judge Roemer concluded that Bess acted calmly, responded to the arresting officers' questions, and displayed normal appearance and speech. Docket Item 49 at 9. He also found that Forsberg did not use trickery, coercion, deceit, or physical force to secure Bess's consent; and he found that although Bess was arrested at gunpoint, twenty minutes had passed before Bess was asked for consent to search his hotel room. *Id.* Thus, Judge Roemer correctly observed that Bess had time to collect himself and weigh the implications of consenting to the search. *Id.* at 9-10.

4

Moreover, Bess's suggestion that his will was overborne by the circumstances of his arrest in light of his age and health is belied by his response when the police asked him whether he wanted to cooperate. Immediately after his arrest at gunpoint, Bess declined to cooperate or talk with police. Bess claimed in his affidavit that the officer pointed a gun at his head and screamed at him in a "level ten intensity." Docket Item 33-1 at ¶ 8. Bess said that the officer's veins were bulging out of his neck. *Id.* Bess said that he was afraid the officer would shoot him. *Id.* at ¶ 9. So if Bess was able to refuse to cooperate right after that happened, his will certainly was not overborne twenty minutes later when he verbally consented to the search.

After Bess verbally consented to the search, Forsberg printed and gave Bess the consent-to-search form, and Bess signed the form twenty-five minutes after his arrest. That gave Bess even more time to think about whether to consent and underscores that his consent was voluntary.

Moreover, Judge Roemer correctly concluded that the arresting officers were not required to read Bess his *Miranda* warnings before obtaining the consent to search. *See United States v. Moreno*, 701 F.3d 64, 77 (2d Cir. 2012). And in light of the above, he also correctly concluded that the government demonstrated that Bess did not acquiesce to a claim of lawful authority but rather voluntarily consented to the search of the hotel room. *See United States v. Isiofia*, 370 F.3d 226, 230 (2d Cir. 2004)(government bears burden of proving by a preponderance of the evidence that defendant's consent was voluntarily given); *United States v. Sanchez*, 635 F.2d 47, 58 (2d Cir. 1980)("[r]elevant considerations include, but are not limited to, the age of the

subject, his level of education and of intelligence, and whether he was deprived of food or sleep or subjected to other physical abuse.")

Bess also argues that the scope of the search exceeded his consent because the consent-to-search form authorized only Forsberg and McKillip to conduct the search, but the search actually was conducted by Forsberg and Korzenski. Although a subject may limit the scope of a search, that does not extend to limiting who may participate in the search. *See United States v. Elcock*, No. 2017-005, 2017 WL 1946316, at *6 (D.V.I. May 9, 2017) (collecting cases); *see also*, *Hoffman v. Cty. Of Delaware*, 41 F.Supp.2d 195, 214 (N.D.N.Y. 1999)("[A] consent may not be qualified by the number of officers allowed to search."). As Judge Roemer found, once Bess consented to the search, he no longer had an expectation of privacy in the room, and Korzenski's participation in the search did not violate Bess's Fourth Amendment rights. *Id*.

For the reasons stated above and in Judge Roemer's RR&O, Bess's motion to suppress the fruits of the hotel room search is denied.

**Motion to Suppress Consent-to-Search Form**

Based on the theory that the consent-to-search form is itself a statement, Bess also moved to suppress the consent-to-search form on the grounds that he signed it without having been read his *Miranda* warnings. Alternatively, Bess seeks to have the form redacted to exclude the implicit admission that because he consented to a search of Red Roof Inn Room 144, that room, and presumably its contents, were his. The government maintains, and Judge Roemer agreed, that the form itself is not interrogation within the meaning of *Miranda v. Arizona*. Nevertheless, during oral argument on Bess's objections, the government agreed that it will not argue that the

signed consent-to-search form was an implicit admission by Bess that the room and its contents belonged to him. Alternatively, the government agreed to replace the word "my" with the word "the" on the form for purposes of trial—thereby accomplishing the same purpose. Although the defendant did not formally withdraw his objection, the Court concludes that this issue has been resolved and that it therefore need not reach the issue of suppression of the form. The parties are directed to redact the consent-to-search form consistent with the agreement reached during oral argument.

This Court has reviewed Bess's remaining arguments and objections and finds them to lack merit.

For the reasons stated above and in Judge Roemer's RR&O, Docket Item 49, this Court rejects Bess's objections to the RR&O, Docket Item 52, and his motion, Docket Item 33, is denied.

SO ORDERED.


Dated:     August 23, 2018
           Buffalo, New York


                                               *s/ Lawrence J. Vilardo*
                                               LAWRENCE J. VILARDO
                                               UNITED STATES DISTRICT JUDGE