IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                          16-CR-156-V

JAMES H. BESS, JR.,

             Defendant.

## PLEA AGREEMENT

The defendant, JAMES H. BESS, JR., and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute of 5 grams or more of methamphetamine), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $8,000,000, a mandatory $100 special assessment and a term of supervised release of at least 8 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.   The defendant will also admit the Forfeiture Allegation of the Indictment which alleges that $2,854.00 United States currency seized from the defendant on or about

October 2, 2016, is subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853(a)(1).+

3.    The defendant understands that, prior to the entry of the guilty plea, the government will file an information pursuant to Title 21, United States Code, Section 851 alleging the defendant's prior drug felony conviction, on October 8, 2002, for Possession of a Controlled Substance in the Superior Court of California, County of San Bernardino, as the basis for the imposition of the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(B).    The defendant admits that the defendant has a prior drug felony conviction, on October 8, 2002, for Possession of a Controlled Substance in the Superior Court of California, County of San Bernardino, which subjects the defendant to the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(B).

4.    The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d).

5.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release.

## II.    ELEMENTS AND FACTUAL BASIS

6.    The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.    the defendant possessed a controlled substance;

b.    the defendant knew that the defendant possessed a controlled substance;

c.    the defendant intended to distribute, and distributed, the controlled substance; and

d.    the offense involved at least 5 grams of methamphetamine.

## FACTUAL BASIS

7.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.    On or about October 2, 2016, in the Western District of New York, DEA agents and officers, and other members of law enforcement, conducted a controlled buy with the defendant. During the buy, the defendant sold approximately 7.2 grams of methamphetamine to another individual in exchange for $800 U.S. currency. This transaction took place inside the defendant's 2016 Ford Fusion vehicle. Thereafter, the defendant was arrested. A search of the defendant's Ford Fusion vehicle resulted in the recovery of an additional 3 bags containing an aggregate of approximately 84.9 grams of methamphetamine. The defendant possessed this quantity of methamphetamine with intent to sell it.

b.    Pursuant to the defendant's consent, law enforcement searched Room 144 at the Red Roof Inn in the Town of Ellicott, which the defendant had previously rented. The search resulted in the recovery of two additional bags containing an aggregate of approximately 78.2 grams of methamphetamine. The defendant possessed this additional quantity of methamphetamine with intent to sell it. The defendant admits to this conduct.

c.    At least 150 grams, but less than 500 grams of methamphetamine is the amount involved in the defendant's relevant conduct encompassed in

the Indictment which could be readily proven by the government against the defendant. The defendant admits to this conduct.

### III.    SENTENCING GUIDELINES

8.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

9.    The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(4) apply to the offense of conviction and provides for a base offense level of 32.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

10.    The government and defendant agree that the following specific offense characteristic does apply:

a.    the two-level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining premises to manufacture or distribute a controlled substance).

### ADJUSTED OFFENSE LEVEL

11.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 34.

### ACCEPTANCE OF RESPONSIBILITY

12.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance

4

of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 31.

## CRIMINAL HISTORY CATEGORY

13.    It is the understanding of the government and the defendant that the defendant's criminal history category is V.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14.    It is the understanding of the government and the defendant that, with a total offense level of 31 and criminal history category of V, the defendant's sentencing range would be a term of imprisonment of 168 to 210 months, a fine of $30,000 to $8,000,000, and a period of supervised release of 5 years.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

15.    The defendant specifically reserves the right to argue for a non-Guidelines sentence outside the otherwise applicable Guidelines range on the grounds of the defendant's age and health conditions.  The government reserves the right to oppose this motion.

16.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.    STATUTE OF LIMITATIONS

17.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    GOVERNMENT RIGHTS AND RESERVATIONS

18.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government

receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.  oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

19.  At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

20.  The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.    APPEAL RIGHTS

21.  The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22.  The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the

future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.  FORFEITURE PROVISIONS

24.    As a condition of his plea of guilty, the defendant agrees to immediately forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), which is in the possession and control of the defendant or the defendant's nominees.  That property includes:

**CURRENCY:**

The sum of Two Thousand Eight Hundred Fifty-Four Dollars ($2,854.00) in United States currency seized from the defendant on or about October 2, 2016.

25.    The defendant also agrees that the property listed above is properly forfeitable to the United States pursuant to Title 21, United States Code, Section 853.  After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above.  The defendant hereby waives any right to notice of such Preliminary Order of

8

Forfeiture.    The defendant further consents and agrees that the <u>Preliminary Order of</u> <u>Forfeiture</u> and a <u>Final Order of Forfeiture</u> shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.    The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.    Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

26.    The defendant waives all constitutional, legal and equitable defenses to the forfeiture of the above described property in any proceeding, including statutory time limits contained therein and any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding referred to within this Agreement. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States, the State of New York or its subdivisions.

## VIII.    TOTAL AGREEMENT AND AFFIRMATIONS

27.    This plea agreement represents the total agreement between the defendant, JAMES H. BESS, JR., and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
Acting United States Attorney
Western District of New York

BY: _____
LAURA HIGGINS
Assistant United States Attorney

Dated:  October ___, 2018

I have read this agreement, which consists of ___ pages.  I have had a full opportunity to discuss this agreement with my attorney, Brian Comerford, Esq.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____
JAMES H. BESS, JR.
Defendant

Dated:  October ___, 2018

_____
BRIAN COMERFORD, ESQ.
Attorney for the Defendant

Dated:  October ___, 2018

10